IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYMERE JOHNSON** | : | **CIVIL NO.** |
| | : | |
| v. | : | |
| | : | 22-5124 |
| **EQUIFAX,** *et al.* | : | |

MEMORANDUM

**Perez, J.**                                                                                                          September 30, 2024

      Plaintiff Tymere Johnson ("Plaintiff"), proceeding *pro se*, brings this action pursuant to the Fair Credit Reporting Act against Defendants Trans Union, LLC, Equifax Information Services LLC, and Experian Information Solutions, Inc. ("Defendants"). Plaintiff alleges Defendants are reporting "inaccurate and fraudulent information" on his consumer credit report and reporting information that Plaintiff did not give consent or permission to report. ECF No. 1 at 4. Presently before the Court is a joint motion for judgment on the pleadings filed by all Defendants. Due to the ambiguous and conclusory nature of Plaintiff's Complaint, Defendants' motion will be granted.

    **I.**      **BACKGROUND**

      The allegations contained in Plaintiff's Complaint are brief and fail to identify what specific information Plaintiff is contesting or where that information appears and on which account. Plaintiff alleges that the unspecified inaccurate and fraudulent items reported by the Defendant credit agencies have "caused [him] to fall into depression" and have "kept [him] from progressing financially and exercising [his] right which is credit." ECF No. 1 at 4-5. Plaintiff does not present any details about his consumer report or describe the nature of the allegedly false information in any way, nor does he explain how his credit has been impacted.

## II. LEGAL STANDARD

In assessing whether Plaintiff has alleged claims upon which relief may be granted, the Court applies the standard applicable to Rule 12(b)(6) motions. A plaintiff's complaint must provide merely a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Further, a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). Because Plaintiff proceeded *pro se*, the Court shall construe their pleadings liberally. *Berkery v. Verizon Commc'ns Inc.*, 658 F. App'x 172, 174 (3d Cir. 2016) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013).

## III. DISCUSSION

The Fair Credit Reporting Act ("FCRA") "was crafted to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010) (internal quotations and citation omitted). Section 1681e(b) of the FCRA generally requires consumer reporting agencies to follow reasonable procedures for the accuracy of information in consumer reports they issue to third parties. *See generally* 15 U.S.C. § 1681e(b). To state a claim under the FCRA, Plaintiff must first allege that "inaccurate information was included in a [consumer report.]" *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996); *see also Angino v. Trans Union, LLC*, 784 F. App'x 67,

69 (3d Cir. 2019) ("[W]e can assume that absent any indication that the information is inaccurate, [Section 1681i] does not mandate further investigation." (internal quotation omitted)). "Information is 'inaccurate' within the meaning of the FCRA if it is incorrect or 'misleading in such a way and to such an extent that it can be expected to have an adverse effect.' " *Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 298 (E.D. Pa. 2021) (quoting *Seamans v. Temple Univ.*, 744 F.3d 853, 865 (3d Cir. 2014)). But "where the court views the information in its entirety and determines that only one reasonable interpretation of the report exists, a court may determine a report's accuracy as a matter of law." *Id.* (citing *Gibbs v. Trans Union LLC*, No. 2:21-CV-00667-JDW, 2021 WL 4439546, at *2 (E.D. Pa. Sept. 28, 2021), aff'd, No. 22-1075, 2023 WL 193157 (3d Cir. Jan. 4, 2023)). In assessing the information in a consumer's credit report, a court must view the information "through the lens of a person in a position to make an adverse decision based on a credit report, i.e., a creditor." *Bibbs v. Trans Union LLC*, 521 F. Supp. 3d 569, 574 (E.D. Pa. 2021), aff'd, 43 F.4th 331, 340 (3d Cir. 2022). *See also Holland*, 574 F. Supp. 3d at 298 (citing *Dickens v. Trans Union Corp.*, 18 F. App'x 315, 318 (6th Cir. 2001)) ("In other words, it does not matter whether the report is inaccurate or misleading in the *consumer's* opinion.").

In the present case, Plaintiff does not shed any light on what "inaccurate and fraudulent" information he is referring to or even which of the consumer reporting agencies have produced an improper report. He has not pointed the Court to any facts surrounding attempts to extend his credit or any denials affecting his financial livelihood. Without more, this Court is unable to perform any meaningful analysis under the FCRA. Plaintiff has failed to sufficiently allege that any inaccuracies resulted from Defendants' failure to follow reasonable procedures to assure maximum possible accurate or that his damages resulted from the inclusion of inaccurate entries on his consumer report(s).

## IV. CONCLUSION

For the above reasons, this Court will grant Defendants' motion to dismiss.